**BOARD OF TOWNSHIP TRUSTEES OF VAN BUREN TOWNSHIP v GRAY et**

Ohio Appeals, 3rd Dist, Putnam Co

No 266. Decided Feb 8, 1933

A. A. Slaybaugh, Leipsic, and J. J. LaBadie, Ottawa, for plaintiff.

Gilbert Bettman, Columbus, and Albert H. Straman, Ottawa, for defendant.

CROW, PJ.

Three questions of law are thus presented for decision. First, Was the money which was placed in The Citizens State Bank between the expiration of the two years covered by the depository agreement, and the taking possession by defendant for the purpose of liquidating The Citizens State Bank, of such a nature as to constitute such deposits a special or trust fund, entitling it to priority of payment as against ordinary deposits.

Undoubtedly, during that period, there was no lawful depository status in The Citizens State Bank, unless the words in §3321, GC, restricting the period for which the depository might be established, to two years, be directory and not mandatory.

Considering that section and the sections related to it, in pari materia, we hold, without discussing the rule which distinguishes mandatory from directory provisions, that the language limiting the period of the agreement to two years is clearly mandatory.

It follows that every deposit made after the expiration of January 12, 1930, was in violation of §3320 GC, and cognate sections, and became a trust fund and consequently special deposits the possession of which by The Citizens State Bank was wrongful, and consequently The Citizens State Bank became a trustee of the fund.

In thus holding, we fully sanction the doctrine announced in 20 C.C. (N.S.) 575.

Since the instant case was in this court, the Supreme Court of Ohio has decided the case of Ward, County Treasurer, v Fulton, Superintendent of Banks, 180 NE 735, which had to do with the character of deposits made by a county treasurer pursuant to the state depositary laws, §§2715 to 2737, GC.

The contract of deposit was for three years, and the deposits in issue were made after the expiration of that time and prior to the giving of a new bond. The substantial question was whether the bond covered deposits made after the period named in the contract, and the court held that certain provisions of the statutes made the bond continues which continuity subjected the bond to the deposits. The statutes governing the deposits of township money contain no such provision.

However, in syllabus and opinion there seems to be a justifiable inference that if such continuation had not existed, such deposits would have been unlawful and there would have arisen a trust with respect to them because they never legally passed into the bank. Otherwise, the case could easily have been disposed of on the theory that no right of priority arose at all in the case of a deposit of public money not conforming to the depositary statutes. In other words, the court could well have held that the failure to comply at all with the depositary laws in the deposit of public moneys, would not make such deposits a special or trust fund.

Second, How shall the payments which were made on account of the lawful orders issued by plaintiff after the expiration of the depositary agreement, be treated in relation to the balance of $9,439.28 owed by The Citizens State Bank to plaintiff when the depository agreement expired, and the $12,454.28, the aggregate of the deposits after said depository period expired?

If the $5,241.55 be charged against the $9,439.28, the entire $12,454.28 must be taken from the fund in the hands of defendant superintendent of banks as a preference, thereby either reducing the amount for general creditors if the fund be insufficient to fully pay them, and if it be more than sufficient to pay general creditors, to reduce the amount due the stockholders of that bank. Also, if the $5,241.55 be charged against the $9,439.28 the liability of the sureties on the bond assuring the deposits made within the depository period, would be abated accordingly.

During the period covered by the depository agreement all the deposits, and all the payments by The Citizens State Bank were lawful, and, as we have said, all the deposits subsequent thereto were unlawful.

Manifestly it was the duty of The Citizens State Bank as trustee of the money thus unlawfully received by it, to make restitution even though not requested by plaintiff to do so; and, surely it was no less its duty to make restitution, though in the form of lawful orders issued against the fund arising from the unlawful deposits; it was merely doing in piecemeal what it should have done as a whole, and the sureties should not be permitted to gain an advantage by reason of unlawful deposits, which gain would result if the $5,241.55 were not regarded as restitution.

We hold that for the purposes of establishing the preferred claim, the $12,454.28 shall be reduced by the $5,241.55, leaving the net sum of unlawful deposits, $7,212.73.

Though the doctrine of marshaling assets may not be strictly applicable, the principle underlying that doctrine should be considered in so deciding, because plaintiff has more than the fund in the hands of defendant, to which resort may be made for payment of the $9,439.28, namely the obligation of the sureties on the bond, whilst other creditors of The Citizens State Bank, without security, can only look to the fund in the hands of defendant.

Third. In accounting for the dividends received by plaintiff, $5,824.50, based on the claim of $15,532.01, it must be determined whether the whole of the sum received shall be charged against the $9,439.28, or the $12,454.28, or the net sum of $7,212.73, or whether it shall be proportionately charged against two of the sums.

We would emphasize that the obligation of the sureties on the bond, was to save plaintiff from any loss by reason of the deposits made during the period covered by the depository agreement, less, of course, any sum or sums paid by The Citizens State Bank which payments could only be made upon instruments issued by the township officers, as provided in §3316, GC.

That is a sufficient answer to any claim which might be urged in favor of applying the dividends received by plaintiff, wholly against deposits which had been made during the depository agreement.

There being two claims in favor of plaintiff, against the fund, one for deposits lawfully made, and the other for deposits unlawfully made, equity requires that the money received by plaintiff in the form of dividends, be applied ratably in satisfaction of the $9,439.28 and $7,212.73.

KLINGER and KINDER, JJ, concur.